IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 14-cv-00784-CMA-BNB

VIVIAN L. RADER, and
STEVEN R. RADER,

    Plaintiffs,

v.

CITIBANK, N.A. as Successor Trustee to U.S. Bank
National Association, as Successor to Wachovia Bank
National Association as Trustee for the Certificate Holders
of Mastr Alternative Loan Trust 2004-1 Mortgage Pass
Through Certificates Series 2004-1,
MORTGAGE REGISTRATION SYSTEMS, INC.,
UBS WARBURG REAL ESTATE SECURITIES, INC.,
OCWEN LOAN SERVICING LLC, and
DOES 1-10,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on Defendants'[1] Motion to Dismiss (Doc. # 17), filed on August 27, 2014.  For the following reasons, the Court grants the motion.

## I. BACKGROUND

In October of 2003, Steven Rader signed a promissory note ("the Note") in favor of Greenpoint Mortgage Funding Inc., in the principal amount of $630,000.  (Doc. # 17-

---

[1] Defendants include Citibank, N.A., as Successor Trustee to Wachovia Bank National Association as Trustee for the Certificate holders of Mastr Alternative Loan Trust 2004-1 Mortgage Pass Through Certificates Series 2004-1, Mortgage Electronic Registration Systems, Inc., UBS Warburg Real Estate Securities, Inc., and Ocwen Loan Servicing LLC.  Hereinafter, these parties shall be collectively referred to as "Defendants."

10.) The Note was secured by a Deed of Trust on his primary residence, located at 47 Bennett Court, Pagosa Springs, Colorado 81147 ("the Property.") (*Id.; see also* Doc. #17-1 at 1.)[2] In late 2008, the Raders stopped making payments on this Note. (Doc. # 17-1.) At some point thereafter, U.S. Bank National Association, N.A. ("U.S. Bank") assumed the servicing rights on the Raders' loan. (Doc. # 17-2 at 2.)

This matter has been on two litigation tracks – one in state court, and one in federal. As for the state court action, in September of 2012, U.S. Bank initiated foreclosure proceedings on the Property, pursuant to Rule 120 of the Colorado Rules of Civil Procedure. (Doc. # 17-2.) Specifically, U.S. Bank filed a copy of the original Note and a "Statement by Attorney for Qualified Holder" with the Archuleta district court ("the Rule 120 court"), pursuant to Colo. Rev. Stat. § 38-8-101(1)(b). (Doc. # 17-9.) In March of 2014, U.S. Bank filed a Motion to Substitute Petitioner after the mortgage was transferred to Citibank. (Doc. # 17-5.) At a hearing regarding the Motion to Substitute, Citibank presented an original Note bearing a blank indorsement, as well as evidence of the Raders' payment history. (Doc. # 17-6 at 21, 30.) After this hearing, the court granted the motion, finding that Citibank was the real party in interest and that the Raders had defaulted on the note. (*Id.* at 46-47.) The Raders appealed the Rule 120 court's order, and the Colorado Court of Appeals affirmed the lower court's findings.[3]

---

[2] Although Vivian Rader did not indorse the Note, she is a party to this action. Consequently, the Court refers to the Plaintiffs as "the Raders."

[3] Plaintiffs inform the Court that they have petitioned the Colorado Supreme Court to grant *certiorari* on this matter. This Court, however, does not rely on the state court's findings in granting the Motion to Dismiss.

(Doc. # 18 at 2.)  On July 28, 2014, the state court entered an order authorizing the sale of the Property.[4]  (Doc. # 17-8.)

The Raders commenced their federal action in March of 2014 by filing a Complaint against U.S. Bank.  (Doc. # 1.)  The Complaint is relatively simple, and contains two counts -- one claim for declaratory and injunctive relief, and one for quiet title.  (Id. at 9-12.)  Specifically, it alleges that the Note on the Property was not properly transferred through various mortgager entities, such that no entity has proven that it has standing to initiate foreclosure proceedings.  (*Id.* at 9.)

Defendants move to dismiss Plaintiffs' Complaint, arguing that as a qualified holder of the original Note, they have standing to enforce that Note and foreclose on the Property.[5]  (Doc. # 17.)

---

[4] The significant delay between the initiation of foreclosure proceedings and the order authorizing sale seems to have been at least partly attributable to the fact that the Raders engaged in a variety of procedural tactics – including an attempted removal of their foreclosure proceeding to federal court and two separate motions to disqualify the state judges assigned to their case.  (*See* Doc. ## 17-4, 17-5.)

[5] Defendants note that there is some case law supporting the proposition that the *Rooker-Feldman* doctrine precludes this Court from exercising subject matter jurisdiction over Plaintiffs' claims in the first instance.  *See, e.g., Diskell v. Thompson*, 971 F. Supp. 2d 1050, 1063 (D. Colo. 2013).  However, because the Tenth Circuit has explicitly held that *Rooker-Feldman* does not apply when a foreclosure proceeding is still **pending**, *In re Miller*, 666 F.3d 1255, 1262 (10th Cir. 2012), and because it is not clear to the Court whether the foreclosure sale in the instant case has yet occurred, *Rooker-Feldman* cannot fully resolve this case.  *Compare Dillard v. Bank of New York*, 476 F. App'x 690, 692 (10th Cir. 2012) (holding that *Rooker-Feldman* did apply when a plaintiff had already been foreclosed upon and evicted from her home, and was "attempting to completely undo the foreclosure and eviction proceedings, which were both final before she ever initiated this suit.")

## II. STANDARD OF REVIEW

Rule 12(b)(6) provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (*quoting Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). However, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To withstand a motion to dismiss, a complaint must contain sufficient allegations of fact to state a claim for relief that is not merely conceivable, but is also "plausible on its face." *Id.* at 570. As the Tenth Circuit explained in *Ridge at Red Hawk, L.L.C. v. Schneider*, "the mere metaphysical possibility that **some** plaintiff could prove **some** set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that **this** plaintiff has a reasonable likelihood of mustering factual support for **these** claims." 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). It is the plaintiff's burden to frame a complaint with enough factual matter – taken as true – to suggest that he or she is entitled to relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). Ultimately, the Court has a duty to determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed. *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). "[F]actual allegations that contradict . . . a properly

considered document are not well-pleaded facts that the court must accept as true." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997); *see also Rapoport v. Asia Electronics Holding Co.*, Inc., 88 F. Supp. 2d 179, 184 (S.D.N.Y.2000) ("If [the] documents contradict the allegations of the . . . complaint, the documents control and [the] court need not accept as true the allegations in the . . . complaint.")

Generally, a court considers only the contents of the complaint when ruling on a Rule 12(b)(6) motion. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Nevertheless, a court may consider materials in addition to the pleadings in certain circumstances. For example, it may consider documents attached to the complaint, or documents referred to in and central to the complaint, when no party disputes their authenticity. *Id.* The Court may also consider "matters of which a court may take judicial notice." *Id.* (*quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). In particular, if a plaintiff does not incorporate by reference or attach a document to his or her complaint, a defendant may submit an undisputably authentic copy which may be considered in ruling on a motion to dismiss. *GFF Corp.*, 130 F.3d at 1384; *see also Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253–54 (10th Cir. 2005) (noting that a document which is "central to the plaintiff's claim and referred to in the complaint may be considered in resolving a motion to dismiss, at least where the document's authenticity is not in dispute."). The Court may take judicial notice of a fact which is not subject to reasonable dispute, a requirement that is satisfied

if the fact is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).

Defendants offered ten exhibits in support of their Motion to Dismiss and three in support of their Reply.  Plaintiffs appended no exhibits either to their Complaint or to their Response to Defendants' Motion to Dismiss.  In their Response, Plaintiffs do not dispute the authenticity of any of these exhibits in and of themselves, but rather, disagree with the Defendants about the legal conclusions that can be drawn from these exhibits; they allege, for example, that "there is a conflict in claimed ownership of the [N]ote," but do not allege the Note itself is fraudulent or inauthentic in any way.  (Doc. # 18 at 4.)   Accordingly, this Court may consider the public records attached as exhibits to Defendants' Motion, including the documents filed in Archuleta County case number 2012-cv-000143, without converting the pending Motion to Dismiss into a motion for summary judgment.  *See Pacheco*, 627 F.3d at 1186; *GFF Corp.*, 130 F.3d at 1384.

### III. DISCUSSION

Colorado foreclosure law allows a holder of evidence of a debt to foreclose upon breach of the terms of the deed of trust.  Under Colorado law, a promissory note is a negotiable instrument that is freely assignable, Colo. Rev. Stat. § 4-3-104,[6] and if an instrument is payable to the bearer, it may be negotiated to a holder by transfer of possession alone, Colo. Rev. Stat. § 4-3-201.  The term "holder" also includes a "person

---

[6] Indeed, the Note itself specifically provides that "I understand that the Lender may transfer this note.  The Lender or anyone who takes this note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'"  (Doc. # 17-10 at 1.)

in possession of a negotiable instrument evidencing a debt, which has been duly negotiated to such person or to bearer or indorsed in blank." *Id.* § 38–38–100.3(10)(c).

The Note was executed on Plaintiff's behalf payable to the original lender, GreenPoint Mortgage Funding, Inc. (Doc. # 17-10.) The Note is endorsed in blank, and Defendants have possession of the note. (*See id.; see also* Doc. # 17-6 at 21.) Accordingly, the Defendants are the holder of the Note.

In order to properly foreclose on a property, the holder of an evidence of debt must file:

> The original evidence of debt . . . together with the original indorsement or assignment thereof, if any, to the holder . . . or, in lieu of the original evidence of debt . . . a statement signed by the attorney for such holder, citing the paragraph of section 38-38-100.3(20) under which the holder claims to be a qualified holder and certifying or stating that the copy of the evidence of debt is true and correct.

§ 38-38-101(1)(b), (1)(b)(II). Here, U.S. Bank, the prior holder of the Note, fulfilled this requirement by filing a Verified Motion for Order Authorizing Sale, which included a "Statement by Attorney for Qualified Holder" indicating that U.S. Bank was a qualified holder of the Note pursuant to 38-38-100.3(20)(j). (Doc. ## 17-2, 17-9.) Accordingly, upon U.S. Bank's subsequent assignment of the note to Citibank, and the Rule 120 court's approval of the Motion to Substitute Petitioner, Citibank stood in the shoes of U.S. Bank – as a matter of law – and had standing to enforce the Note.

Plaintiffs' primary argument in opposition to the instant motion is that Defendants have not shown precisely **how** they came to be the holders of the Note, as the Note was transferred through multiple loan servicer entities. *See* (Doc. # 18 at 5.)

(referencing alleged conflicts of ownership of the Note due to "the alleged transfers of the loan from the original lender to Wachovia, then from Wachovia to the Countywide entity, from that entity to the non-existent Deutsche Wachonia Bank, and then to [U.S. Bank]."). Nevertheless, the Plaintiffs present no allegation that **another party** (other than Citibank) is actually the holder of the Note; rather, their argument is that it is impossible to tell which party is the actual holder of the Note. As discussed above, however, this argument misses the mark: a plain reading of the documents show that Defendants are the holders of the Note, by virtue of their possession of the Note and its blank indorsement. Under Colorado law, a party need not prove how it was in possession of a promissory note to enforce it, and can establish standing to foreclose simply by complying with the requirements of Colo. Rev. Stat 38-38-101(1)(b)(II) – just as Defendants have done here. *Mbaku v. Bank of Am.*, No. 12-CV-00190-PAB-KLM, 2014 WL 4099313, at *7 (D. Colo. Aug. 20, 2014) (noting that, under Colorado law, "physical possession of a promissory note endorsed in blank is itself sufficient to establish a right to enforcement") (citing *In re Miller*, 666 F.3d 1255, 1263 (10th Cir. 2012)).

In sum, because Defendants have shown that they have standing to foreclose on the Property,[7] Plaintiffs' claim to declaratory relief fails as a matter of law. Because the viability of their second claim for quiet title is inextricably linked with that of their

---

[7] Citing *Plymouth Capital Co.., Inc. v. District Court of Elbert County*, 955 P.2d 1014, 1017 (Colo. 1998), the Plaintiffs argue that the Rule 120 court's finding that Citibank had standing to enforce the Note is not binding upon this Court. This Court need not decide this issue, however; its own careful, independent review of the court filings in that case, the facts alleged in the Complaint, and Colorado foreclosure law, led it to the same conclusion as the Archuleta district court.

declaratory relief claim, the quiet title claim also fails as a matter of law  Additionally, an amendment to the complaint would be futile and the Court dismisses this action with prejudice.  *See Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997) (A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile).

### IV. CONCLUSION

Having carefully reviewed the Complaint, the arguments advanced by the parties, and permissible evidence, the Court concludes the Plaintiffs fail to state a claim upon which relief may be granted, and the Clerk of the Court shall enter judgment in favor of Defendant and against Plaintiff.  Pursuant to D.C. Colo. L Civ. R. 54.1, Defendant may thereafter have its costs by filing a bill of costs within 14 days of the date of that order.  Accordingly, it is

ORDERED that Defendants' Motion to Dismiss (Doc. # 17) is GRANTED.  It is

FURTHER ORDERED that Plaintiffs' claims are DISMISSED WITH PREJUDICE.  It is

FURTHER ORDERED that this case is dismissed in its entirety.

DATED:  October 14, 2014

                BY THE COURT:

*Christine M. Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge