IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-00784-CMA-BNB

VIVIAN L. RADER, and
STEVEN R. RADER,

    Plaintiffs,

v.

CITIBANK, N.A. as Successor Trustee to U.S. Bank
National Association, as Successor to Wachovia Bank
National Association as Trustee for the Certificate Holders
of Mastr Alternative Loan Trust 2004-1 Mortgage Pass
Through Certificates Series 2004-1,
MORTGAGE REGISTRATION SYSTEMS, INC.,
UBS WARBURG REAL ESTATE SECURITIES, INC.,
OCWEN LOAN SERVICING LLC, and
DOES 1-10,

    Defendant.

---

## ORDER DENYING PLAINTIFF'S MOTION TO RE-OPEN CASE

---

This matter is before the Court on Plaintiffs Vivian L. Rader and Steven R. Rader's Motion to Re-open Case (Doc. # 33), wherein they argue that Defendant Citibank perpetrated a fraud upon the Court that warrants vacating the Court's final order and judgment and re-commencing this litigation. Defendants Citibank; Mortgage Electronic Registration Systems, Inc.; UBS Warburg Real Estate Securities, Inc.; and Ocwen Loan Servicing, LLC (Defendants) responded to the motion and objected to Plaintiffs' request. For the following reasons, the Court denies Plaintiffs' motion.

Plaintiffs move to re-open this case under Federal Rule of Civil Procure 63(d)(3). Rule 60(d) motions that assert "fraud on the court" are not time-limited and can be brought at any time. "Fraud on the court," however, is narrowly construed. *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002). "Fraud upon the court" consists of "only the most egregious conduct, such as bribery of a judge" or the "fabrication of evidence by a party in which an attorney is implicated." *Id.* It is fraud "directed to the judicial machinery itself . . . where the impartial functions of the court have been directly corrupted." *Id.* Less egregious conduct such as "nondisclosure of [pertinent] facts . . . will not ordinarily rise to the level of fraud on the court." *Id.* Nor will "fraud between the parties or fraudulent documents, false statements[,] or perjury" meet the requirements of Rule 60(d)(3). Moreover, "intent to defraud is an absolute prerequisite," *Weese v. Schukman*, 98 F.3d 542, 553 (10th Cir. 1996), and proof of fraud must be by clear and convincing evidence. *Id.* at 552.

Plaintiff's assertion of fraud does not rise to the level of fraud on the court as contemplated by Rule 60(d)(3), nor has Plaintiff satisfied the clear and convincing evidentiary standard. Simply put, Plaintiff argues that Defendant Citibank misrepresented facts to the Court. Even if true, Defendant's misrepresentations are insufficiently egregious to support reopening this case. Plaintiff does not adequately contend that Defendant Citibank's attorney was involved, that the impartial functions of this Court were corrupted, or even that Defendant Citibank acted with fraudulent intent.

The Court therefore DENIES Plaintiff's Motion to Re-open this case. (Doc. # 33.)

DATED: May 4, 2018                    BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge